EFILED
6/18/2024 2:51 P
Melissa Qu
Clerk of the Circuit Co
Vermilion County, Illin
SH, Deputy Cl

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
VERMILION COUNTY, ILLINOIS

| | |
|---|---|
| STEVEN DURBIN and ERIN DURBIN,<br>Plaintiffs,<br><br>v.<br><br>PEGSON PROPERTIES, LLC, a<br>Delaware limited liability company,<br>HOME BUYER'S PERSPECTIVE<br>REALTY, INC., and CHRISTOPHER<br>ALBIN dba DANVILLE AREA<br>RENTALS,<br>Defendants. | Case No. 2024LA000037<br>JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiffs, STEVEN DURBIN and ERIN DURBIN, by and through their attorney MICHELLE SCHNEIDERHEINZE of the law firm of Williams & Swee, Ltd., and for their cause of action against Defendants, PEGSON PROPERTIES, LLC, a Delaware limited liability company, HOME BUYER'S PERSPECTIVE REALTY, INC., and CHRISTOPHER ALBIN doing business as DANVILLE AREA RENTALS, state as follows:

### COUNT I

1. On or about July 13, 2022, and at all times hereinafter mentioned, the Plaintiff STEVEN DURBIN resided in Rantoul, Champaign County, State of Illinois.

2. On or about July 13, 2022, Defendant, PEGSON PROPERTIES, LLC, a Delaware limited liability company, owned, possessed, operated, managed, maintained, and/or controlled a property located at or near 205 Maple Rossville, Vermillion County, Illinois.

3. On or about July 13, 2022, Defendant, PEGSON PROPERTIES, LLC, through its agents and/or employees had a duty to exercise ordinary care in its ownership, possession, management, maintenance and/or control of its subject property such that it was reasonably safe for individuals legally entitled to be present on the property.

Exhibit A

4.  On or about July 13, 2022, Plaintiff, STEVEN DURBIN, was legally present on the property located at or near 205 Maple Rossville, Vermillion County, Illinois.

5.  On or about July 13, 2022, while Plaintiff, STEVEN DURBIN, was at the subject property, and while he was walking across the front porch to deliver mail, the porch collapsed beneath him causing him severe injury.

6.  Plaintiff's injuries were caused by unstable decking on the porch.

7.  On and before July 13, 2022, Defendant, PEGSON PROPERTIES, LLC, through its agents and employees knew, or in the exercise of ordinary care should have known, of the unstable porch decking and the unreasonable risk of harm it presented to people on the premises.

8.  On and before July 13, 2022, Defendant, PEGSON PROPERTIES, LLC, through its agents and employees, could reasonably expect that people on the premises would not discover or realize the danger or would fail to protect against the danger.

9.  At all times relevant to this cause of action, Defendant, PEGSON PROPERTIES, LLC, through its agents and employees, breached its duty and was negligent in one or more of the following ways:

   a. Improperly possessed, operated, managed, maintained, and/or controlled the subject premises, so that as a direct and proximate result thereof, the Plaintiff was injured;
   b. Failed to properly maintain the porch on the property;
   c. Failed to make a reasonable inspection of the subject porch when the Defendant knew, or should have known that said inspection was necessary to prevent injury to the Plaintiff;
   d. Failed to warn Plaintiff of the faulty porch when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;
   e. Failed to place warning signs indicating that the porch was unsafe;
   f. Failed to guide Plaintiff away from the porch;
   g. Failed to provide a safe walking surface for individuals lawfully on the property;
   h. Failed to ensure that the premises was safe, suitable and proper for individuals lawfully on the property;
   i. Failed to provide adequate safeguards to prevent injury to the Plaintiff while he was lawfully upon said premises; and,
   j. Was otherwise careless and negligent.

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, PEGSON PROPERTIES, LLC, an Illinois corporation, the Plaintiff, STEVEN DURBIN, then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, STEVEN DURBIN, prays for judgment in his favor against Defendant, PEGSON PROPERTIES, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of suit.

## COUNT II

1. On or about July 13, 2022, and at all times hereinafter mentioned, the Plaintiff STEVEN DURBIN resided in Rantoul, Champaign County, State of Illinois.

2. On or about July 13, 2022, Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., owned, possessed, operated, managed, maintained, and/or controlled a property located at or near 205 Maple Rossville, Vermillion County, Illinois.

3. On or about July 13, 2022, Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., through its agents and/or employees had a duty to exercise ordinary care in its ownership, possession, management, maintenance and/or control of its subject property such that it was reasonably safe for individuals legally entitled to be present on the property.

4. On or about July 13, 2022, Plaintiff, STEVEN DURBIN, was legally present on the property located at or near 205 Maple Rossville, Vermillion County, Illinois.

5. On or about July 13, 2022, while Plaintiff, STEVEN DURBIN, was at the subject property, and while he was walking across the front porch to deliver mail, the porch collapsed beneath him causing him severe injury.

6. Plaintiff's injuries were caused by unstable decking on the porch.

7. On and before July 13, 2022, Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., through its agents and employees knew, or in the exercise of ordinary care should have known, of the unstable porch decking and the unreasonable risk of harm it presented to people on the premises.

8. On and before July 13, 2022, Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., through its agents and employees, could reasonably expect that people on the premises would not discover or realize the danger or would fail to protect against the danger.

9. At all times relevant to this cause of action, Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., through its agents and employees, breached its duty and was negligent in one or more of the following ways:

   a. Improperly possessed, operated, managed, maintained, and/or controlled the subject premises, so that as a direct and proximate result thereof, the Plaintiff was injured;
   b. Failed to properly maintain the porch on the property;
   c. Failed to make a reasonable inspection of the subject porch when the Defendant knew, or should have known that said inspection was necessary to prevent injury to the Plaintiff;
   d. Failed to warn Plaintiff of the faulty porch when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;
   e. Failed to place warning signs indicating that the porch was unsafe;
   f. Failed to guide Plaintiff away from the porch;
   g. Failed to provide a safe walking surface for individuals lawfully on the property;
   h. Failed to ensure that the premises was safe, suitable and proper for individuals lawfully on the property;
   i. Failed to provide adequate safeguards to prevent injury to the Plaintiff while he was lawfully upon said premises; and,
   j. Was otherwise careless and negligent.

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., an Illinois corporation, the Plaintiff, STEVEN DURBIN, then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, STEVEN DURBIN, prays for judgment in his favor against Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of suit.

## COUNT III

1. On or about July 13, 2022, and at all times hereinafter mentioned, the Plaintiff STEVEN DURBIN resided in Rantoul, Champaign County, State of Illinois.

2. On or about July 13, 2022, Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, owned, possessed, operated, managed, maintained, and/or controlled a property located at or near 205 Maple Rossville, Vermillion County, Illinois.

3. On or about July 13, 2022, Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, through its agents and/or employees had a duty to exercise ordinary care in its ownership, possession, management, maintenance and/or control of its subject property such that it was reasonably safe for individuals legally entitled to be present on the property.

4. On or about July 13, 2022, Plaintiff, STEVEN DURBIN, was legally present on the property located at or near 205 Maple Rossville, Vermillion County, Illinois.

5. On or about July 13, 2022, while Plaintiff, STEVEN DURBIN, was at the subject property, and while he was walking across the front porch to deliver mail, the porch collapsed beneath him causing him severe injury.

6. Plaintiff's injuries were caused by unstable decking on the porch.

7. On and before July 13, 2022, Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, through its agents and employees knew, or in the exercise of ordinary care should have known, of the unstable porch decking and the unreasonable risk of harm it presented to people on the premises.

8. On and before July 13, 2022, Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, through its agents and employees, could reasonably expect that people on the premises would not discover or realize the danger or would fail to protect against the danger.

9. At all times relevant to this cause of action, Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, through its agents and employees, breached its duty and was negligent in one or more of the following ways:

   a. Improperly possessed, operated, managed, maintained, and/or controlled the subject premises, so that as a direct and proximate result thereof, the Plaintiff was injured;
   b. Failed to properly maintain the porch on the property;
   c. Failed to make a reasonable inspection of the subject porch when the Defendant knew, or should have known that said inspection was necessary to prevent injury to the Plaintiff;
   d. Failed to warn Plaintiff of the faulty porch when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;
   e. Failed to place warning signs indicating that the porch was unsafe;
   f. Failed to guide Plaintiff away from the porch;
   g. Failed to provide a safe walking surface for individuals lawfully on the property;
   h. Failed to ensure that the premises was safe, suitable and proper for individuals lawfully on the property;
   i. Failed to provide adequate safeguards to prevent injury to the Plaintiff while he was lawfully upon said premises; and,
   j. Was otherwise careless and negligent.

10.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, an Illinois corporation, the Plaintiff, STEVEN DURBIN, then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, STEVEN DURBIN, prays for judgment in his favor against Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of suit.

### COUNT IV

1-10.   Plaintiff ERIN DURBIN repeats or realleges paragraphs 1-10 of COUNT I as if fully set herein.

11.     At the time of this accident and since that time, Plaintiff STEVEN DURBIN, was and is married to this certain Plaintiff, ERIN DURBIN.

12.     Since said accident, Plaintiff, STEVEN DURBIN, has been disabled so that Plaintiff, ERIN DURBIN, has been deprived of his aid, services, support, affection, society and companionship, including sexual relations.

WHEREFORE, the Plaintiff, ERIN DURBIN, prays for judgment in her favor against Defendant, PEGSON PROPERTIES, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of suit.

## COUNT V

1-10. Plaintiff ERIN DURBIN repeats or realleges paragraphs 1-10 of COUNT II as if fully set herein.

11. At the time of this accident and since that time, Plaintiff STEVEN DURBIN, was and is married to this certain Plaintiff, ERIN DURBIN.

12. Since said accident, Plaintiff, STEVEN DURBIN, has been disabled so that Plaintiff, ERIN DURBIN, has been deprived of his aid, services, support, affection, society and companionship, including sexual relations.

WHEREFORE, the Plaintiff, ERIN DURBIN, prays for judgment in her favor against Defendant, HOME BUYER'S PERSPECTIVE REALTY, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of suit.

RS ($50,000.00), and for costs of suit.

## COUNT VI

1-10. Plaintiff ERIN DURBIN repeats or realleges paragraphs 1-10 of COUNT VI as if fully set herein.

11. At the time of this accident and since that time, Plaintiff STEVEN DURBIN, was and is married to this certain Plaintiff, ERIN DURBIN.

12. Since said accident, Plaintiff, STEVEN DURBIN, has been disabled so that Plaintiff, ERIN DURBIN, has been deprived of his aid, services, support, affection, society and companionship, including sexual relations.

WHEREFORE, the Plaintiff, ERIN DURBIN, prays for judgment in her favor against Defendant, CHRISTOPHER ALBIN dba DANVILLE AREA RENTALS, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of suit.

STEVEN DURBIN and ERIN DURBIN,

By: _____
MICHELLE N. SCHNEIDERHEINZE
ARDC # 6272646

FOR:
WILLIAMS & SWEE, LTD.
2011 Fox Creek Road
Bloomington, IL 61701
(309)827-4371
(309)827-5639(fax)
michelle@williamsandswee.com